1  | TERREE A. BOWERS (SBN 89334)
   | *terree.bowers@arentfox.com*
2  | PETER V. B. UNGER (admitted *pro hac vice*)
   | *peter.unger@arentfox.com*
3  | KAREN VAN ESSEN (SBN 278407)
   | *karen.vanessen@arentfox.com*
4  | ALEXANDER S. BIRKHOLD (SBN 304334)
   | *alexander.birkhold@arentfox.com*
5  | ARENT FOX LLP
   | 555 West Fifth Street, 48th Floor
6  | Los Angeles, California 90013-1065
   | Telephone:    (213) 629-7400
7  |
   | Attorneys for Defendants
8  | City of Victorville and
   | Southern California Logistics Airport Authority
9  |
   | JAMES N. KRAMER (State Bar No. 154709)
10 | *jkramer@orrick.com*
   | LACEY BANGLE (State Bar No. 284773)
11 | *lbangle@orrick.com*
   | ORRICK, HERRINGTON & SUTCLIFFE LLP
12 | The Orrick Building
   | 405 Howard St.
13 | San Francisco, CA  94105
   | Telephone:   (415) 773-5700
14 | Facsimile:    (415) 773-5759
15 | Attorneys for Defendant Keith C. Metzler
16 | *Additional Counsel Listed on Signature Page*

17 | **UNITED STATES DISTRICT COURT**

18 | **CENTRAL DISTRICT OF CALIFORNIA**

19 | **WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 13-cv-0776-JAK (KKx) |
| Plaintiff, | **JOINT PROPOSED UNCONTESTED JURY INSTRUCTIONS** |
| v. | |
| CITY OF VICTORVILLE, et al., | Judge:  Hon. John A. Kronstadt |
| Defendants. | Final Pretrial Conf.:   January 8, 2018<br>Time:    3:00 p.m.<br>Courtroom:    10B |

1
2

# TABLE OF CONTENTS

3  DUTY OF JURY (TO BE READ AT THE BEGINNING OF TRIAL ................... 2
4  STATEMENT OF THE CASE/CLAIMS AND DEFENSES ................................. 3
   TWO OR MORE DEFENDANTS —DIFFERENT LEGAL RIGHTS ................. 4
5  WHAT IS EVIDENCE ............................................................................................. 5
6  WHAT IS NOT EVIDENCE ................................................................................... 6
7  EVIDENCE FOR LIMITED PURPOSE ............................................................... 8
   DIRECT AND CIRCUMSTANTIAL EVIDENCE .............................................. 9
8  RULING ON OBJECTIONS ................................................................................. 10
9  CREDIBILITY OF WITNESSES ........................................................................ 11
10 DEPOSITION IN LIEU OF LIVE TESTIMONY ............................................. 13
   IMPEACHMENT EVIDENCE—WITNESS ....................................................... 14
11 CONDUCT OF THE JURY ................................................................................. 15
12 PUBLICITY DURING TRIAL ............................................................................ 17
13 NO TRANSCRIPT AVAILABLE TO JURY ..................................................... 18
   TAKING NOTES .................................................................................................. 19
14 BENCH CONFERENCES AND RECESSES ...................................................... 20
15 OUTLINE OF TRIAL .......................................................................................... 21
16 STIPULATIONS OF FACT ................................................................................. 22
   JUDICIAL NOTICE .............................................................................................. 23
17 TRANSCRIPT OF RECORDING IN ENGLISH .............................................. 24
18 USE OF INTERROGATORIES .......................................................................... 25
19 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE............................. 26
   CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE .................... 27
20 DUTY TO DELIBERATE ................................................................................... 28
21 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY ................... 29
22 COMMUNICATION WITH COURT ................................................................. 31
   RETURN OF VERDICT ...................................................................................... 32
23 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN
24      INSTRUCTIONS AT END OF CASE) ........................................................ 33
   BIAS—GOVERNMENT PARTY INVOLVED ................................................. 34
25 OTHER INDIVIDUALS ...................................................................................... 35
26 EXPERT OPINION .............................................................................................. 36
27 REMEDIES .......................................................................................................... 37
   ATTEMPT TO REACH UNANIMOUS VERDICT ........................................... 37

28

COMMUNICATION WITH COURT .................................................................. 40

RETURN OF VERDICT .................................................................................. 42

CONCLUDING REMARKS ............................................................................. 43

JOINT PROPOSED UNCONTESTED
JURY INSTRUCTIONS
CASE NO. 13-CV-0776-JAK (KKx)

1          Plaintiff Securities and Exchange Commission ("SEC") and Defendants

2    Southern California Logistics Airport Authority, City of Victorville, and Keith

3    Metzler (the "Municipal Defendants") and Defendants Janees Williams, Jeffrey

4    Kinsell, KND, KND Affiliates, and KND Holdings (the "KND Defendants")

5    (collectively, "Defendants") submit the following competing verdict forms:

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF THE CASE**

**Joint Proposed Instruction No. X**

***DUTY OF JURY (TO BE READ AT THE BEGINNING OF TRIAL)***

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

*Authority*: Manual of Model Civil Jury Instructions for the Ninth Circuit, Section 1.3 (2017 ed.)

1
2

**Joint Proposed Instruction No. X**
***STATEMENT OF THE CASE/CLAIMS AND DEFENSES***

3

4       To help you follow the evidence, I will give you a brief summary of the
5   positions of the parties.  This is intended to be only a summary of their positions.  It
6   is not evidence, and you should not conclude that any of what I am about to tell you
7   have been proven:

8

9       INSERT PARITES' STATEMENT OF THE CASE[1]

10

11

12  *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, Section
13  1.5 (2017 ed.) (modified to include plaintiff's standard of proof);

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27  [1] As articulated in the concurrently filed Disputed Joint Statement of the Case, the
Parties are currently unable to agree to a Joint Statement of the Case.  However, the
28  Parties anticipate incorporating a final version of the Joint Statement in the final
"clean" version of the jury instructions.

**Joint Proposed Instruction No. X**
*TWO OR MORE DEFENDANTS —DIFFERENT LEGAL RIGHTS*

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.8 (2017 ed.).

**Joint Proposed Instruction No. X**
*WHAT IS EVIDENCE*

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I instruct you to accept as proved.

*Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.9 (2017 ed.).

**Joint Proposed Instruction No. X**
***WHAT IS NOT EVIDENCE***

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at

1    the trial.

2

3

4    *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.10

5    (2017 ed.).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Instruction No. X**
***EVIDENCE FOR LIMITED PURPOSE***

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.11 (2017 ed.).

**Joint Proposed Instruction No. X**
***DIRECT AND CIRCUMSTANTIAL EVIDENCE***

        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

        By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.12 (2017 ed.).

**Joint Proposed Instruction No. X**
***RULING ON OBJECTIONS***

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.13 (2017 ed.).

**Joint Proposed Instruction No. X**
***CREDIBILITY OF WITNESSES***

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

1    said.  On the other hand, if you think the witness testified untruthfully about some

2    things but told the truth about others, you may accept the part you think is true and

3    ignore the rest.

4

5         The weight of the evidence as to a fact does not necessarily depend on the

6    number of witnesses who testify.  What is important is how believable the

7    witnesses were, and how much weight you think their testimony deserves.

8

9

10   *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.14

11   (2017 ed.).

**Joint Proposed Instruction No. X**
***DEPOSITION IN LIEU OF LIVE TESTIMONY***

***(for unavailable witnesses)***

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.4 (2017 ed.).

**Joint Proposed Instruction No. X**
*IMPEACHMENT EVIDENCE—WITNESS*


The evidence that a witness lied, or testified differently on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.9 (2017 ed.).

**Joint Proposed Instruction No. X**
***CONDUCT OF THE JURY***

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no

1   information that there will be news reports about this case; do not do any research,

2   such as consulting dictionaries, searching the Internet, or using other reference

3   materials; and do not make any investigation or in any other way try to learn about

4   the case on your own.  Do not visit or view any place discussed in this case, and do

5   not use Internet programs or other devices to search for or view any place discussed

6   during the trial.  Also, do not do any research about this case, the law, or the people

7   involved—including the parties, the witnesses or the lawyers—until you have been

8   excused as jurors. If you happen to read or hear anything touching on this case in

9   the media, turn away and report it to me as soon as possible.

10

11        These rules protect each party's right to have this case decided only on

12   evidence that has been presented here in court.  Witnesses here in court take an oath

13   to tell the truth, and the accuracy of their testimony is tested through the trial

14   process.  If you do any research or investigation outside the courtroom, or gain any

15   information through improper communications, then your verdict may be

16   influenced by inaccurate, incomplete or misleading information that has not been

17   tested by the trial process.  Each of the parties is entitled to a fair trial by an

18   impartial jury, and if you decide the case based on information not presented in

19   court, you will have denied the parties a fair trial.  Remember, you have taken an

20   oath to follow the rules, and it is very important that you follow these rules.

21

22        A juror who violates these restrictions jeopardizes the fairness of these

23   proceedings, and a mistrial could result that would require the entire trial process to

24   start over.  If any juror is exposed to any outside information, please notify the

25   court immediately.

26

27   ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.15

28   (2017 ed.).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Instruction No. X**
***PUBLICITY DURING TRIAL***


If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

*Authority*: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.16 (2017 ed.).

1

2

**Joint Proposed Instruction No. X**
***NO TRANSCRIPT AVAILABLE TO JURY***

3

4       I urge you to pay close attention to the trial testimony as it is given.  During

5  deliberations you will not have a transcript of the trial testimony.

6

7

8  *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, Section

9  1.17 (2017 ed.).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Instruction No. X**
*TAKING NOTES*


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.


Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.


*Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.18 (2017 ed.).

**Joint Proposed Instruction No. X**
***BENCH CONFERENCES AND RECESSES***


From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.


Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.


*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.20 (2017 ed.).

**Joint Proposed Instruction No. X**
***OUTLINE OF TRIAL***


    Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.


    The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.


    After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.


    After that, you will go to the jury room to deliberate on your verdict.


*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.21 (2017 ed.).

**INSTRUCTIONS DURING TRIAL AS THE NEED ARISES**

**Joint Proposed Instruction No. X**
***STIPULATIONS OF FACT***


The parties have agreed to certain facts [to be placed in evidence as Exhibit
__] [that will be read to you].  You must therefore treat these facts as having been
proved.


*Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 2.2
(2017 ed.).

**Joint Proposed Instruction No. X**
*JUDICIAL NOTICE*


        The court has decided to accept as proved the fact that [*state fact*].  You must accept this fact as true.



*Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 2.3 (2017 ed.).

**Joint Proposed Instruction No. X**
***TRANSCRIPT OF RECORDING IN ENGLISH***


You are about to hear a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the recording has been played, the transcript will be taken from you.


*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.5 (2017 ed.).

1
2

**Joint Proposed Instruction No. X**
*USE OF INTERROGATORIES*

3

4        Evidence will now be presented to you in the form of answers of one of the

5   parties to written interrogatories submitted by the other side.  These answers were

6   given in writing and under oath before the trial in response to questions that were

7   submitted under established court procedures.  You should consider the answers,

8   insofar as possible, in the same way as if they were made from the witness stand.

9
10

11   *Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.11

12   (2017 ed.).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

**Joint Proposed Instruction No. X**
*CHARTS AND SUMMARIES RECEIVED IN EVIDENCE*

3

4      Certain charts and summaries [may be] [have been] admitted into evidence to

5  illustrate information brought out in the trial.  Charts and summaries are only as

6  good as the testimony or other admitted evidence that supports them.  You should,

7  therefore, give them only such weight as you think the underlying evidence

8  deserves.

9
10

11  *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 2.15

12  (2017 Ed.).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Instruction No. X**
***CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE***

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 2.14 (2017 Ed.).

**Joint Proposed Instruction No. X**
*DUTY TO DELIBERATE*

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 3.1 (2017 ed.).

**Joint Proposed Instruction No. X**
***CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY***

    Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

    Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1      These rules protect each party's right to have this case decided only on
2  evidence that has been presented here in court.  Witnesses here in court take an oath
3  to tell the truth, and the accuracy of their testimony is tested through the trial
4  process.  If you do any research or investigation outside the courtroom, or gain any
5  information through improper communications, then your verdict may be
6  influenced by inaccurate, incomplete or misleading information that has not been
7  tested by the trial process.  Each of the parties is entitled to a fair trial by an
8  impartial jury, and if you decide the case based on information not presented in
9  court, you will have denied the parties a fair trial.  Remember, you have taken an
10  oath to follow the rules, and it is very important that you follow these rules.

11      A juror who violates these restrictions jeopardizes the fairness of these
12  proceedings[, and a mistrial could result that would require the entire trial process
13  to start over].  If any juror is exposed to any outside information, please notify the
14  court immediately.

15

16

17  *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 3.2
18  (2017 ed.).

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Instruction No. X**
***COMMUNICATION WITH COURT***

    If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 3.3 (2017 ed.).

**Joint Proposed Instruction No. X**
***RETURN OF VERDICT***


A verdict form has been prepared for you.  [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.


*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 3.5 (2017 ed.).

**CLOSING INSTRUCTIONS**

**Joint Proposed Instruction No. X**
***DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)***


Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]


It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.


Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.


***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, No. 1.4 (2017ed.).

**Joint Proposed Instruction No. X**
*BIAS—GOVERNMENT PARTY INVOLVED*


The SEC, as a government agency, and all other persons, are equal before the law and must be treated as equals in a court of justice.  Your decision must be based only the evidence here.  You must not be influenced by either sympathy or prejudice against anyone.


*Authority*:  Fifth Circuit Jury Instructions (Civil Cases), § 2.13 (2006) (modified); Eleventh Circuit Civil Pattern Jury Instructions, No. 3.2.3 (2013) (modified)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Instruction No. X**
*OTHER INDIVIDUALS*


      Some of the people whose names you have heard or from whom you have heard in connection with these events are not on trial.  I instruct you not to speculate why those people or any entities are not part of this action.

**Joint Proposed Instruction No. X**
*EXPERT OPINION*

You have heard testimony from [*name*] who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.13 (2017 ed.).

1
2

**Joint Proposed Instruction No. x**
*REMEDIES*

3   If you decide that the SEC has proved the Defendant liable, then it will be my
4  job to decide what the appropriate remedy should be.  Deciding what the remedy
5  should be is my job, not yours.  In considering whether the Defendant is liable, you
6  should not consider what relief I might award.

7

8

9  ***Authority:*** *SEC v. Teo*, __ F.3d__, 2014 U.S. App. LEXIS 2462 (3d Cir. Feb. 10,
10  2014); *SEC v. First Jersey Sec. Lit.*, 101 F.3d 1450, 1474 (2d Cir. 1996); *SEC v.*
11  *Rind*, 991 F.2d 1486 (9th Cir. 1993); *SEC v. Tome*, 833 F.2d 1086, 1096 n. 7 (2d
12  Cir. 1987).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Joint Proposed Instruction No. xx
## *ATTEMPT TO REACH UNANIMOUS VERDICT*

In order to prevail, the SEC must sustain it burden of proof as I have explained to you with respect to each element of its claims. If you find that the SEC has succeeded as to a claim, you should return a verdict in its favor on that claim, that is, enter a verdict of "liable" for the Defendant on that claim. If you find that the SEC has failed to sustain its burden on any element of a claim, you should return a verdict against it on that claim – that is, enter a verdict of "not liable" for the Defendant on that claim.

Your final decision as to each of the questions on the verdict form I will give you must be unanimous.

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because the other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously. Therefore, if it looks at some point as if you are having difficulty in reaching a unanimous verdict, and if the greater number of you agree on a verdict, the other jurors may want to ask themselves about the basis for their feelings when a substantial number have reached a different conclusion. You

1 should not hesitate to reconsider your views from time to time to change them if
2 you are persuaded that this is appropriate.

3

4       It is important that you attempt to return a verdict but, of course, only if each
5 of you can do so after having made his or her own conscientious determination.  Do
6 not surrender an honest conviction as to the weight and effect of the evidence
7 simply to reach a unanimous verdict.

8

9 **Authority:** First Circuit Pattern Criminal Instructions, No. 6.03; *Maiden v.*
10 *DeGroote*, No. 4:04 CV-00084, 2007 Jury Instr. LEXIS 1112, *8-9 (W.D. Kent.
Aug. 16, 2007).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Joint Proposed Instruction No. X**
*COMMUNICATION WITH COURT*


You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.


You will be bringing with you into the jury room a copy of my instructions, and a verdict form on which to record your verdict.  In addition, we will send into the jury room all of the exhibits that were admitted into evidence.  If you want any of the testimony, that can also be provided, either in transcript or read back form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony.


If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1    *Authority*:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2007

2    Edition, Section 3.2 (modified).

**Joint Proposed Instruction No. X**
***RETURN OF VERDICT***

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2007 Edition, Section 3.3.

**Joint Proposed Instruction No. X**
*CONCLUDING REMARKS*

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.

To deputy:  Please swear the Marshall.

Dated:      December 11, 2017      Respectfully submitted,


U.S. SECURITIES AND EXCHANGE
COMMISSION

By: _____ */s/ Donald W. Searles* _____
                    Donald W. Searles



ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____ */s/ James N. Kramer* _____
                    James N. Kramer

Attorneys for Defendant Keith C. Metzler


ARENT FOX LLP

By: _____ */s/ Terree A. Bowers* _____
                    Terree A. Bowers

Attorneys for Defendants Southern California
Logistics Airport Authority and City of Victorville


SLOVAK BARON EMPEY MURPHY &
PINKEY, LLP

By: _____ */s/ Shaun M. Murphy* _____
                    Shaun M. Murphy

Attorneys for Defendants Janees Williams, Jeffrey
Kinsell, KND, KND Affiliates, and KND Holdings