KRISTIN S. ESCALANTE, Cal. Bar No. 169635
Email: escalantek@sec.gov
DOUGLAS M. MILLER, Cal. Bar No. 240398
Email: millerdou@sec.gov
DONALD W. SEARLES, Cal. Bar No. 135705
Email: searlesd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission

Mark R. Zehner, Deputy Chief
Municipal Securities and Public Pensions Unit
Philadelphia Regional Office
One Penn Center
1617 JFK Boulevard, Suite 520
Philadelphia, Pennsylvania 19103

Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF VICTORVILLE, et al.,<br><br>　　　　Defendants,<br><br>　　and<br><br>KND HOLDINGS, INC.,<br><br>　　　　Relief Defendant. | Case No. 5:13-cv-00776-JAK-KK<br><br>**PARTIES' AMENDED JOINT DISPUTED STATEMENT OF THE CASE**<br><br>Pretrial Conference: January 8, 2018<br><br>Jury Trial Date: January 23, 2018<br><br>Judge:　　Hon. John A. Kronstadt |

Pursuant to the Court's Consolidated Standing Order for Civil Cases and C.D. Cal. L.R. 16-5, plaintiff Securities and Exchange Commission and defendants Southern California Logistics Airport Authority, City of Victorville, Keith Metzler, Kinsell, Newcomb & Dedios, Jeffery Kinsell, and Janees Williams respectfully submit their respective proposed statement of the case, together with a redline comparing the parties' respective statements.

***SEC'S STATEMENT OF THE CASE***

This is a civil action, brought by the United States Securities and Exchange Commission, which you will hear called the "SEC." The SEC is an independent government agency that is authorized by federal law to investigate and prosecute violations of the federal securities laws. In this case, the SEC has sued seven defendants for alleged securities laws violations.

The first defendant is the Southern California Logistics Airport Authority, or the Airport Authority for short. The Airport Authority is a component unit of the City of Victorville, and issued bonds to raise money for redevelopment projects at the airport.

The next defendants are Keith C. Metzler and the City of Victorville. Mr. Metzler was the City's Director of Economic Development and served as a representative of the Airport Authority in connection with bonds.

The next defendants are KND, Jeffery Kinsell and Janees Williams. KND was the sole underwriter for the Airport Authority's bonds. An underwriter markets and sells the bonds to the public. Mr. Kinsell was KND's president, and Ms. Williams was KND's vice president.

The SEC alleges that the defendants violated the federal securities laws in connection with a $13 million bond offering in May 2008. A bond is a type of security that state and local government entities use to raise money. Investors buy the bonds, and the government entity repays the bonds with tax revenues.

The May 2008 bonds were "tax increment bonds," which means that property taxes were pledged to repay the bonds. The property taxes used for repayment are calculated based on the assessed values of property as determined by the county assessor. The amount of property taxes pledged to repay the bonds is disclosed to investors at the time of the offering.

The SEC contends that the Airport Authority committed securities fraud by materially overstating the property tax revenues available to repay the May 2008

1  bonds. The alleged overstatement concerned the value of four airplane hangars that
2  were constructed by KND Affiliates, an entity controlled by Mr. Kinsell. The SEC
3  further alleges that the City, KND, Mr. Metzler, Mr. Kinsell, and Ms. Williams aided
4  and abetted the Airport Authority's violation of the securities laws.
5      The defendants deny the SEC's allegations that they violated the federal
6  securities laws.

***MUNICIPAL DEFENDANTS'EDITS TO SEC'S PROPOSED STATEMENT OF THE CASE***

This is a civil action, brought by the United States Securities and Exchange Commission, which you will hear called the "SEC." ~~The SEC is an independent government agency that is authorized by federal law to investigate and prosecute violations of the federal securities laws. In this case, the SEC has sued seven defendants for alleged securities laws violations.~~

~~The first defendant is~~<ins>This case involves an approximate</ins> $13 million bond <ins>offering in May 2008, by</ins> the Southern California Logistics ~~Airport~~ Authority, or the ~~Airport~~ Authority for short~~. The Airport Authority is a component unit of the City of Victorville, and issued bonds to raise money for redevelopment projects at the airport. The next defendants are Keith C. Metzler and the City of Victorville~~. Mr. Metzler ~~was~~<ins>served as</ins> the City <ins>of Victorville</ins>'s Director of Economic Development ~~and served as a representative of the Airport Authority in connection with bonds~~. The next defendants are KND, ~~Jeffery~~<ins>Mr.</ins> Kinsell<ins>,</ins> and ~~Janees Williams. KND was the sole underwriter for the Airport Authority's bonds. An underwriter markets and sells the bonds to the public~~<ins>Ms. Williams</ins>. Mr. Kinsell was KND's president, and Ms. Williams was KND's vice president.

~~The final defendant is KND Affiliates, which constructed airplane hangars for the Airport Authority in Victorville.~~

~~The SEC alleges that the defendants violated the federal securities laws in connection with a $13 million bond offering in May 2008. A bond is a type of security that state and local government entities use to raise money. Investors buy the bonds, and the government entity repays the bonds with tax revenues.~~

The May 2008 bonds were "tax increment bonds," <ins>in</ins> which ~~means that~~<ins>projected future</ins> property ~~taxes were~~<ins>tax revenue was</ins> pledged to repay the bonds. ~~The property taxes used for repayment are calculated based on the assessed values of property as determined by the county assessor. The amount of property taxes~~

1  ~~pledged to repay the bonds is disclosed to investors at the time of the offering.~~  The
2  SEC contends that the ~~Airport~~ Authority committed securities fraud by materially
3  overstating the <u>projected</u> property tax revenues <u>that would potentially be</u> available to
4  repay the ~~May 2008~~ bonds~~.  The alleged overstatement concerned the value of four~~
5  ~~airplane hangars that were constructed by KND Affiliates, an entity controlled by~~
6  ~~Mr. Kinsell.~~ <u>issued in  the May 2008 offering.</u>
7      The SEC further alleges that the City, KND, Mr. Metzler, Mr. Kinsell, and
8  Ms. Williams <u>had actual knowledge of the alleged overstatement and intentionally</u>
9  aided and abetted the ~~Airport~~ Authority's <u>alleged</u> violation of the <u>antifraud</u>
10 <u>provisions of the</u> securities laws.
11     ~~The SEC<u>'s complaint</u> also alleges that Mr. Kinsell, KND, and KND~~
12 ~~Affiliates engaged in a separate fraudulent scheme to embezzle funds that the~~
13 ~~SCLA<u>Authority</u> had provided to KND Affiliates for the construction of the<u>four</u>~~
14 ~~commercial airplane hangars.~~
15     The defendants deny the SEC's allegations that they violated the federal
16 securities laws.
17
18 **<u>Municipal Defendants' Position</u>**:
19 The Municipal Defendants object to the SEC's Statement on the Case on the
20 grounds that it is confusing, misstates facts, and is prejudicial.  The SEC's
21 agency status is irrelevant to any fact of consequence in this action and it is
22 prejudicial to imply that its status is relevant.  The statement also repeatedly
23 refers to alleged violations of federal securities laws, which is redundant and
24 unnecessary.  The statement further makes a number of purported factual
25 statements that are either required to proven at trial or are incorrect.
26
27
28

## *MUNICIPAL DEFENDANTS'*
## *STATEMENT OF THE CASE*

This is a civil action, brought by the United States Securities and Exchange Commission, which you will hear called the "SEC."

This case involves an approximate $13 million bond offering in May 2008, by the Southern California Logistics Authority, or the Authority for short. Mr. Metzler served as the City of Victorville's Director of Economic Development. The next defendants are KND, Mr. Kinsell, and Ms. Williams. Mr. Kinsell was KND's president, and Ms. Williams was KND's vice president.

The May 2008 bonds were "tax increment bonds," in which projected future property tax revenue was pledged to repay the bonds. The SEC contends that the Authority committed securities fraud by materially overstating the projected property tax revenues that would potentially be available to repay the bonds issued in the May 2008 offering.

The SEC further alleges that the City, KND, Mr. Metzler, Mr. Kinsell, and Ms. Williams had actual knowledge of the alleged overstatement and intentionally aided and abetted the Authority's alleged violation of the antifraud provisions of the securities laws.

The defendants deny the SEC's allegations that they violated the federal securities laws.

**The SEC's Position:**

First Paragraph

The SEC objects to the deletion of the SEC's proposed language "The SEC is an independent government agency that is authorized by federal law to investigate and prosecute violation of the federal securities laws." This is the first opportunity for the Court to introduce the nature of the case and the identity of the parties, and many jurors may be unfamiliar with the Securities and Exchange Commission. In addition,

the proposed language is frequently used in jury instructions across the country.  *See, e.g., SEC v. Snyder*, Civ. No. H-03-04658, 2006 Jury Instr. LEXIS 2217, *8  (S.D. Tex., Jan. 31, 2006),

Second Paragraph

The defendants' proposed redactions to this paragraph serve no apparent purpose other than to obscure undisputed facts regarding the identity of the defendants and general nature of roles they played in the May 2008 bond offering.

Third Paragraph

Many jurors may be unfamiliar with what a bond is.  The SEC's proposed language does not present any disputed issues of fact or law.

Fourth Paragraph

The defendants' attempt to inject the concept that this case involves "forward looking "statements is objectionable for the reasons stated by the SEC in its objection to the defendants' proposed instruction on "forward looking statements."

Fifth Paragraph

The defendants' attempt to have the Court instruct the jury on the elements of the SEC's claims in its statement of the case is improper.  It also misstates the SEC's claim in that the Authority may be found liable under Section 17(a)(2) of the Securities Act based on the negligence of its agents.

| | | |
|---|---|---|
| 1 | Dated:    January 5, 2018 | Respectfully submitted, |
| 2 | | |
| 3 | | SECURITIES AND EXCHANGE COMMISSION |
| 4 | | |
| 5 | | By:    */s/Amy Jane Longo* |
| 6 | |               Amy Jane Longo |

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ James N. Kramer*
              James N. Kramer

Attorneys for Defendant Keith C. Metzler

ARENT FOX LLP

By:    */s/ Terree A. Bowers*
              Terree A. Bowers

Attorneys for Defendants Southern California Logistics Airport Authority and City of Victorville

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP

By:    */s/ Shaun M. Murphy*
              Shaun M. Murphy

Attorneys for Defendants Kinsell Newcomb & DeDios, KND Affiliates LLC, J. Jeffrey Kinsell and Janees L. Williams

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 444 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 5, 2018, I caused to be served the document entitled **PARTIES' AMENDED DISPUTED JOINT STATEMENT OF THE CASE** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 5, 2018          */s/ Amy Jane Longo*
                                Amy Jane Longo

9

*SEC v. City of Victorville, et al.*
**United States District Court—Central District of California**
**Case No. 5:13-cv-00776-JAK-KK**

**SERVICE LIST**

Terree A. Bowers, Esq.
*terree.bowers@arentfox.com*
Alexander Stephenson Birkhold, Esq.
*alexander.birkhold@arentfox.com*
Jerrold E. Abeles, Esq.
*jerry.abeles@arentfox.com*
Karen Peters-Van Essen, Esq.
*vanessen.karen@arentfox.com*
Arent Fox LLP, Attorneys at Law
Gas Company Tower
555 W. Fifth Street, 48th Floor
Los Angeles, CA 90013

Peter V. B. Unger, Esq.
*peter.unger@arentfox.com*
Arent Fox LLP, Attorneys at Law
1717 "K" Street, N.W.
Washington, DC 20006
*Attorneys for Defendants City of Victorville and Southern California Logistics Airport Authority*

Michael D. Torpey, Esq.
*mtorpey@orrick.com*
James N. Kramer, Esq.
*jkramer@orrick.com*
Lacey Bangle, Esq.
*lbangle@orrick.com*
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105

Kevin M. Askew, Esq.
*kaskew@orrick.com*
Natalie Nahabet, Esq.
*nnahabet@orrick.com*
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90071

George E. Greer, Esq.
*ggreer@orrick.com*
Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7087
*Attorneys for Defendant Keith C. Metzler*

Randall S. Polycn, Esq.
Randall.polycn@gmail.com
5855 Carnegie Street
San Diego, CA 92122

Mark A. Maasch
Maasch Law, Inc.
1220 Rosecrans Street, Suite 910
San Diego, CA 92106

Shaun M. Murphy, Esq.
murphy@sbemp.com
Slovak Baron Empey Murphy & Pinkney, LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

Attorneys for Defendants Janees Williams, Jeffrey Kinsell, Kinsell Newcomb & DeDios (KND), KND Affiliates and KND Holdings