1  DOUGLAS M. MILLER, Cal. Bar No. 240398
   Email: millerdou@sec.gov
2  DONALD W. SEARLES, Cal Bar. No. 135705
   Email: searlesd@sec.gov
3  AMY JANE LONGO, Cal. Bar No. 198304
   Email: longoa@sec.gov
4  Attorneys for Plaintiff Securities and Exchange Commission

5  Mark R. Zehner, Deputy Chief
   Municipal Securities and Public Pensions Unit
6  Philadelphia Regional Office
   One Penn Center
7  1617 JFK Boulevard, Suite 520
   Philadelphia, Pennsylvania 19103
8
   Michele Wein Layne, Regional Director
9  John W. Berry, Associate Regional Director
   Amy J. Longo, Regional Trial Counsel
10 444 S. Flower Street, Suite 900
   Los Angeles, California 90071
11 Telephone: (323) 965-3998
   Facsimile: (213) 443-1904
12
                      UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14
                          WESTERN DIVISION
15

16 SECURITIES AND EXCHANGE              Case No.  EDCV 13-0776-JAK (KKx)
   COMMISSION,
17                                       **CONSENT OF DEFENDANT
              Plaintiff,                 JANEES WILLIAMS**
18
        vs.
19
   CITY OF VICTORVILLE, et al.,
20
              Defendants,
21
        and
22
   KND HOLDINGS, INC.,
23
              Relief Defendant.
24

25

26

27

28

1      1.     Defendant Janees Williams ("Defendant") acknowledges having been

2  served with the complaint in this action, enters a general appearance, and admits the

3  Court's jurisdiction over Defendant and over the subject matter of this action.

4      2.     Without admitting or denying the allegations of the complaint (except as

5  provided herein in paragraph 10 and except as to personal and subject matter

6  jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the

7  final Judgment in the form attached hereto (the "Final Judgment") and incorporated

8  by reference herein, which, among other things:

9          a.     Permanently restrains and enjoins Defendant from aiding and

10               abetting violations  of Section 10(b) of the Securities Exchange

11               Act (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b)

12               promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any

13               means or instrumentality of interstate commerce, or of the mails,

14               or of any facility of any national securities exchange, in

15               connection with the purchase or sale of any security, to make any

16               untrue statement of a material fact or to omit to state a material

17               fact necessary in order to make the statements made, in the light of

18               the circumstances under which they were made, not misleading;

19               and

20          b.     Permanently restrains and enjoins Defendant from aiding and

21               abetting violations  of Section 15B(c)(1) of the Securities

22               Exchange Act (the "Exchange Act") [15 U.S.C. § 78o-4 and

23               MSRB Rule G-17 by making use of the mails or any means or

24               instrumentality of interstate commerce to provide advice to or on

25               behalf of a municipal entity or obligated person with respect to

26               municipal financial products, the issuance of municipal securities,

27               or to undertake a solicitation of a municipal or obligated person in

28               contravention of MRSB Rule G-17, which requires brokers,

dealers, municipal securities dealers, and municipal advisors, in the conduct of hits municipal securities or municipal advisory activities, to deal fairly with all persons and to not engage in any deceptive, dishonest, or unfair practice.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this

1  action or immunity from any such criminal liability.  Defendant waives any claim of

2  Double Jeopardy based upon the settlement of this proceeding, including the

3  imposition of any remedy or civil penalty herein.  Defendant further acknowledges

4  that the Court's entry of a permanent injunction may have collateral consequences

5  under federal or state law and the rules and regulations of self-regulatory

6  organizations, licensing boards, and other regulatory organizations.  Such collateral

7  consequences include, but are not limited to, a statutory disqualification with respect

8  to membership or participation in, or associations with a member of, a self-regulatory

9  organization.  This statutory disqualification has consequences that are separate from

10  any sanction imposed in an administrative proceeding.  In addition, in any

11  disciplinary proceeding before the Commission based on the entry of the injunction in

12  this action, Defendant understands that she shall not be permitted to contest the

13  factual allegations of the complaint in this action.

14       10.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

15  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a

16  defendant or respondent to consent to a judgment or order that imposes a sanction

17  while denying the allegations in the complaint or order for proceedings," and "a

18  refusal to admit the allegations is equivalent to a denial, unless the defendant or

19  respondent states that he neither admits nor denies the allegations."  As part of

20  Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i)

21  will not take any action or make or permit to be made any public statement denying,

22  directly or indirectly, any allegation in the complaint or creating the impression that

23  the complaint is without factual basis; (ii) will not make or permit to be made any

24  public statement to the effect that Defendant does not admit the allegations of the

25  complaint, or that this Consent contains no admission of the allegations, without also

26  stating that Defendant does not deny the allegations; and (iii) upon the filing of this

27  Consent, Defendant hereby withdraws any papers filed in this action to the extent that

28  they deny any allegation in the complaint.  If Defendant breaches this agreement, the

1  Commission may petition the Court to vacate the Final Judgment and restore this

2  action to its active docket.  Nothing in this paragraph affects Defendant's:  (i)

3  testimonial obligations; or (ii) right to take legal or factual positions in litigation or

4  other legal proceedings in which the Commission is not a party.

5          11.    Defendant hereby waives any rights under the Equal Access to Justice

6  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

7  provision of law to seek from the United States, or any agency, or any official of the

8  United States acting in his or her official capacity, directly or indirectly,

9  reimbursement of attorney's fees or other fees, expenses, or costs expended by

10  Defendant to defend against this action.  For these purposes, Defendant agrees that

11  Defendant is not the prevailing party in this action since the parties have reached a

12  good faith settlement.

13          12.    Defendant agrees that the Commission may present the Final Judgment

14  to the Court for signature and entry without further notice.

15          13.    Defendant agrees that this Court shall retain jurisdiction over this matter

16  for the purpose of enforcing the terms of the Final Judgment.

17

18  Dated: _May  16_, 2018

19                                        _Janees Williams_

20                                        JANEES WILLIAMS

21          On _May  16_, 2018, Janees Williams, a person known to me,

22  personally appeared before me and acknowledged executing the foregoing Consent.

23

24                                        Notary Public
                                          Commission expires:

25

26  Approved as to form:

     _Shaun M. Murphy_

27  Shaun Murphy

28  Attorney for Janees Williams

EVAN WILSON
COMM. #2147783
Notary Public - California
SAN DIEGO
My App. Expires March 28, 2020

4                    Case No. EDCV 13-0776 JAK (DTBx)

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 19, 2018, I caused to be served the document entitled **CONSENT OF DEFENDANT JANEES WILLIAMS** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.


Date:  July 19, 2018                    */s/ Donald W. Searles*
                                        Donald W. Searles

**SEC v. CITY OF VICTORVILLE, et al.**
**United States District Court – Central District of California**
**Case No. EDCV 13-0776 JAK (DTBx)**

SERVICE LIST

Terree A. Bowers, Esq.
*terree.bowers@arentfox.com*
Alexander Stephenson Birkhold, Esq.
*alexander.birkhold@arentfox.com*
Jerrold E. Abeles, Esq.
*jerry.abeles@arentfox.com*
Karen Peters-Van Essen, Esq.
*vanessen.karen@arentfox.com*
Arent Fox LLP, Attorneys at Law
Gas Company Tower
555 W. Fifth Street, 48th Floor
Los Angeles, CA 90013

Peter V. B. Unger, Esq.
*peter.unger@arentfox.com*
Arent Fox LLP, Attorneys at Law
1717 "K" Street, N.W.
Washington, DC 20006
*Attorneys for Defendants City of
Victorville and Southern California
Logistics Airport Authority*

Michael D. Torpey, Esq.
*mtorpey@orrick.com*
James N. Kramer, Esq.
*jkramer@orrick.com*
Lacey Bangle, Esq.
*lbangle@orrick.com*
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105

Kevin M. Askew, Esq.
*kaskew@orrick.com*
Natalie Nahabet, Esq.
*nnahabet@orrick.com*
Stephanie Albrecht, Esq.
*salbrecht@orrick.com*
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90071

George E. Greer, Esq.
*ggreer@orrick.com*
Charles J. Ha, Esq.
*charlesha@orrick.com*
Orrick Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7087
*Attorneys for Defendant Keith C.
Metzler*

Shaun M. Murphy, Esq.
murphy@sbemp.com
Slovak Baron Empey Murphy &
Pinkney, LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

Attorneys for Defendants Janees
Williams, Jeffrey Kinsell, Kinsell
Newcomb & DeDios (KND)

6