# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF VICTORVILLE, et al.,<br><br>    Defendants,<br><br>    and<br><br>KND HOLDINGS, INC.,<br><br>    Relief Defendant. | Case No.  ED CV13-00776-JAK (KKx)<br><br>**CONSENT JUDGMENT AS TO DEFENDANT CITY OF VICTORVILLE**<br><br>**JS-6: City of Victorville Only** |

The Securities and Exchange Commission having filed a Second Amended Complaint and Defendant City of Victorville ("Defendant," "Victorville," or "the City") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violations of Section 17(a)(2) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2)], in the offer or sale of any securities or any security-based swap agreement, by using any means or instruments of transportation or communication in interstate commerce or use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to:

i. Defendant shall retain an Independent Consultant (the "Independent Consultant"), not unacceptable to the SEC staff, pursuant to a written retention agreement that provides, among other things, for reasonable compensation to be paid to the Independent Consultant for fees and expenses. The jurisdiction of the Independent Consultant shall be limited to a review of Victorville's currently-implemented policies and procedures as they relate to Victorville's internal controls and policies concerning municipal securities disclosures and as they relate to the current accounting and recordkeeping for municipal bond proceeds.

ii. Victorville shall cooperate fully with the Independent Consultant in the discharge of the Independent Consultant's responsibilities. Defendant shall provide all information reasonably requested by the Independent Consultant relevant to Victorville's current internal controls and policies concerning municipal securities disclosures and as they relate to the current accounting and recordkeeping for municipal bond proceeds. If the Independent Consultant determines that it is necessary to conduct a review of any past internal controls, financial reporting, or accounting or record keeping policies and procedures to discharge the Independent Consultant's responsibilities, the Independent Consultant shall inform Victorville and the SEC staff in writing of the reasons for that review and the scope of that review. If Victorville considers any of the Independent Consultant's requested reviews to be unduly burdensome or impracticable, it shall within 30 days of the written communication from the Independent Consultant, seek approval from the SEC staff not to

|     |      |                                                                                     |
| --- | ---- | ----------------------------------------------------------------------------------- |
|     |      | permit the review by the Independent Consultant and set forth why it believes the review to be unduly burdensome or impracticable.  Should the SEC staff agree that the proposed review of any past internal controls, financial reporting, or accounting or recordkeeping policies and procedures is unduly burdensome or impracticable, Victorville shall not be required to permit that review.  Should the SEC staff disagree, it shall notify Victorville in writing and Victorville may within 30 days of that written communication submit the matter to the Court for resolution, and shall give the SEC staff the opportunity to review its submission to the Court and respond. |
|     | iii. | Victorville shall retain the Independent Consultant (after consulting with the SEC staff and determining that the proposed Independent Consultant is not unacceptable to the SEC staff) within 45 days after the entry of the Final Judgment. |
|     | iv.  | The Independent Consultant's retention agreement shall provide that, for the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Victorville or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity. The agreement will also provide that the Independent Consultant will require that any firm with which he/she is affiliated or of which he/she is a member, and any person engaged to assist the Independent Consultant in performance of his/her duties under this Judgment shall not, without prior written consent of the Division of Enforcement, enter into any employment, consultant, attorney-client, auditing or |

3

|     |     |     |
| --- | --- | --- |
| 1 |  | other professional relationship with Victorville, or any of its |
| 2 |  | present or former affiliates, directors, officers, employees, or |
| 3 |  | agents acting in their capacity as such for the period of the |
| 4 |  | engagement and for a period of two years after the engagement. |
| 5 | v. | Within 270 days of retention, the Independent Consultant shall |
| 6 |  | submit to Victorville a written report of its findings, which shall |
| 7 |  | include the Independent Consultant's recommendations, if any, for |
| 8 |  | changes in or improvements to Victorville's policies and |
| 9 |  | procedures. |
| 10 | vi. | Victorville shall adopt all recommendations contained in the |
| 11 |  | Independent Consultant's report within 90 days of the date of that |
| 12 |  | report, provided, however, that within 30 days of the report, |
| 13 |  | Victorville shall advise in writing the Independent Consultant and |
| 14 |  | the SEC staff of any recommendations that Victorville considers |
| 15 |  | to be unduly burdensome or impracticable. With respect to any |
| 16 |  | such recommendation, Victorville need not adopt that |
| 17 |  | recommendation at that time but shall propose in writing an |
| 18 |  | alternative policy, procedure, or system designed to achieve the |
| 19 |  | same objective or purpose. As to any recommendation on which |
| 20 |  | Victorville and the Independent Consultant do not agree, |
| 21 |  | Victorville and the Independent Consultant shall attempt in good |
| 22 |  | faith to reach an agreement within 60 days after the date of the |
| 23 |  | Independent Consultant's report. Within 15 days after the |
| 24 |  | conclusion of the discussion and evaluation by Victorville and the |
| 25 |  | Independent Consultant, Victorville shall require the Independent |
| 26 |  | Consultant to inform Victorville and the SEC staff in writing of |
| 27 |  | the Independent Consultant's final determination concerning any |
| 28 |  | recommendation that Victorville considers to be unduly |

burdensome or impracticable. Within 10 days of this written communication from the Independent Consultant, Victorville may seek approval from the SEC staff to not adopt recommendations that Victorville can demonstrate to be unduly burdensome or impracticable. Should the SEC staff agree that any proposed recommendations are unduly burdensome or impracticable, Victorville shall not be required to abide by, adopt, or implement those recommendations.  Should the SEC staff disagree, it shall notify Victorville in writing and Victorville may within 10 days of that written communication submit the matter to the Court for resolution, and shall give the SEC staff the opportunity to review its submission to the Court and respond.

vii. Once a final determination has been made regarding which Independent Consultant recommendations must be adopted, Victorville shall designate an employee(s) or employment position(s) within Victorville to be responsible for ensuring compliance with its policies and procedures as they relate to Victorville's internal controls and policies concerning municipal securities disclosures and as they relate to the accounting and recordkeeping for municipal bond proceeds, including any recommendations made by the Independent Consultant that Victorville was required to adopt.  The individual(s) holding this position shall review the internal controls and policies and receive adequate training in them.

viii. Within 60 days after Victorville's adoption of the Independent Consultant's recommendations, or the conclusion of appeals as described in paragraph vi. above, if any, Victorville shall certify, in writing, its compliance with the requirements of the paragraphs

above. The certification shall provide written evidence, in the form of a narrative, of compliance with the relevant recommendations, and shall be supported by exhibits sufficient to demonstrate such compliance. Within 14 days, the SEC staff may make reasonable requests for further evidence of such compliance, and Victorville agrees to provide such reasonably requested evidence.

ix. For the period from the date of this Consent to the date of Victorville's written certification set forth in paragraph viii above, Victorville, and any joint exercise of powers authority, redevelopment agency, district, or any other entity through which the City directly or indirectly issues, offers, or benefits from the offer or sale of any securities, including, but not limited to any form of municipal bonds (collectively, the "Associated Entities"), shall not participate in the offer or sale of any municipal securities for which Victorville or any of its Associated Entities is an issuer or obligated person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: July 30, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

6